**Franklin H. SANDINE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–362.

United States Court of Veterans Appeals.

Aug. 29, 1990.

## ORDER

NEBEKER, Chief Judge.

On consideration of the motion for a prehearing conference, and the subsequent pleadings, and enlargement of time to respond to this Court's show cause order of May 25, 1990, it is

ORDERED that the Secretary inform the Court on or before September 10, 1990, of the actual or likely date of mailing of the Board of Veterans' Appeals' decision. It is

FURTHER ORDERED that the time to respond to this Court's order of May 25, 1990, is extended pending further order of this Court. See: Memorandum, *infra.*

## MEMORANDUM

A dispute has arisen between the parties over whether the notice of appeal was timely or one day late. Appellant has requested a prehearing conference to resolve the question whether there was a delay in posting the BVA decision. He maintains that the date stamped on the Board of Veterans' Appeals' decision is not the mailing date. That date is of statutory and, thus, jurisdictional significance. *See* 38 U.S.C.A. § 4066(a) (West Supp.1990).

Appellant has supplied a purported affidavit of Doris S. Boyd, an employee of the Board who describes the "standard procedure" for date stamping BVA decisions "at the time they are finally *prepared for mailing*" (emphasis supplied). Also, according to Boyd, "[I]n the final preparation of mailing, the decision copies are placed in envelopes. The envelopes are then placed in the area designated for mail pickup. At least once a day, the mail is picked up by the messenger for transfer to the Central Office mailroom."

Though this statement of standard procedures is not revealing of what happened in this case, it is informative in a number of ways. Of significance is the fact that a number of steps are taken before the decision is actually placed in the U.S. mail. Not surprisingly, after the decision is dated it must be placed in an envelope. No doubt some lapse of time is required for this step, as the number of decisions prepared for mailing averages 850 and can be as high as 1200 per week, according to Boyd. We are not told how long, on average, these steps take, but we are told that the next step involves a messenger pickup "at least once a day" from an area designated "for transfer to the Central Office mailroom." We are not informed when and how the decisions are deposited with the U.S. mail. That is the critical step as 38 U.S.C.A. § 4004(e) (West Supp.1990) requires that the decision be mailed promptly. The notice of appeal "must be filed within 120 days after the date on which the notice of decision is mailed" under section 4066.

The problem of notice by mail is not confined to administration of veterans' benefits. A helpful example can be found in private litigation. *See Neuman v. Neuman,* 377 A.2d 393 (D.C.1977), where it was observed that private interoffice mail deposit does not comport with a rule requiring a certificate of service as to the date of mailing of a pleading. Here, of course, the date of mailing has a jurisdictional importance, which suggests a need for accurate record keeping as to the actual date of deposit in the U.S. mail—not the date at which a series of mechanical steps are undertaken in final preparation for mailing. Indeed, the Secretary might consider using certified mail for posting BVA decisions that have a potential for being appealed to this Court. Other methods may prove adequate. *See, e.g., Grier v. Rowland,* 409 A.2d 205 (D.C.1976). It is significant that in at least two recent cases before this Court it has been agreed that the date of decision differed from the date of mailing. *See Pinto v. Derwinski,* No. 89–51

(U.S.Vet.App.Notice of Appeal filed December 14, 1989), and *Bem v. Derwinski*, No. 90–338 (U.S.Vet.App.Notice of Appeal filed May 4, 1990).

Indeed, the Secretary advises veterans who may wish to appeal to this Court that "[t]he date which appears on the face [of the BVA's decision]" is the date of mailing. That statement may not be correct in a substantial number of cases. Accordingly, a more reliable procedure appears necessary along with an adjustment of the advice given when anticipating an appeal.

Accordingly, a presumption of same-day mailing seems, under all the circumstances, to be unwarranted. Indeed, it may be inferred that next-day mailing is more probable. Rather than resorting now to such an extraordinary procedure as a prehearing fact-finding conference at the appellate level, the Secretary is requested to inform the Court of the actual or likely date of mailing of the BVA decision.