**John E. HOYER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–223.**

United States Court of Veterans Appeals.

Argued Feb. 27, 1991.

Decided April 5, 1991.

Mark F. Marshall, Rapid City, S.D., for appellant.

Thomas A. McLaughlin, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, were on the brief, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Associate Judges.

PER CURIAM:

Appellant, John E. Hoyer, seeks to appeal a January 11, 1990, Board of Veterans' Appeals' (BVA) decision which upheld the denial of his claim for special monthly compensation under 38 U.S.C. § 314(k) for the loss of use of his lower extremities. We dismiss appellant's claim for lack of jurisdiction under *Harris v. Derwinski*, 1 Vet. App. 180 (1991).

In *Harris*, appellant sought to appeal a BVA decision which had decided one claim but referred another to the Department of Veterans Affairs Regional Office (RO). After reviewing the provisions of the Veterans' Judicial Review Act, which created the Court, the Court concluded "that a claimant seeking to appeal to the Court must have a *final* BVA decision." *Harris,*

at 182 (emphasis in original); *see* 38 U.S.C. §§ 4052(a) and 4066(a) (1988). The Court held that because the two claims were "inextricably intertwined," the BVA decision was not final. *Harris,* at 182–184. The Court was influenced by the potential impact which a RO or BVA decision to grant appellant's referred claim could have on the decided claim which was being appealed. "This Court will neither review BVA decisions in a piecemeal fashion nor unnecessarily interfere with the Department of Veterans Affairs' (VA) deliberative process." *Harris,* at 182–184; *see also Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *FTC v. Standard Oil Co. of California,* 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980).

The case at hand presents the Court with a situation similar to *Harris.* On January 11, 1990, the BVA upheld the denial of appellant's claim for special monthly compensation under 38 U.S.C. § 314(k) (1988) for the loss of use of his lower extremities. *John E. Hoyer,* loc. no. 001035 (BVA Jan. 11, 1990). In the same decision, the BVA noted:

On appeal, the veteran's representative raised the issues of entitlement to increased ratings for the residuals of all gunshot wounds of the lower extremities and entitlement to special monthly compensation for loss of the use of the buttocks. Inasmuch as these issues have not been prepared for appellate review at this time, this Board does not have jurisdiction of them and they are referred to the originating agency [Regional Office] for appropriate action.

*Hoyer,* at 2. At the oral argument, counsel for the Secretary reported that the Regional Office has yet to act upon the referral.

While appellant has received a BVA decision on his special monthly compensation claim for the loss of use of his lower extremities, that decision was narrowly circumscribed. It purported to decide only that the admitted loss of use of his lower extremities did not result from disabilities which had previously been determined to have been service connected. The BVA went on to observe that the appellant suffered from at least six additional problems

for which service connection had not yet been granted. (As counsel for the Secretary agreed, these observations are not holdings and they are not binding upon any future actions of the BVA or the RO. Appellant is, of course, free to seek service connection for any or all of the six conditions cited by the BVA.) One of the two claims referred back to the RO raised the issue of entitlement to increased ratings for the residuals of all gunshot wounds for which appellant is currently evaluated. Since the on-going adjudication process will be examining the residuals of all gunshot wounds, the very real potential exists that the conclusions will have a meaningful impact upon the question of whether appellant's loss of use of his lower extremities derives from service-connected injuries. Appellant's claim for special monthly compensation for the loss of the use of his lower extremities is so closely tied with his claim for increased ratings for the residuals of all gunshot wounds that the BVA decision of January 11, 1990, does not constitute a final decision. Accordingly, this appeal is dismissed for lack of jurisdiction.

> Under the circumstances, this dismissal necessarily is without prejudice because the appeal was premature; the BVA has yet to issue a final decision on the veteran's claims. Moreover, the 120 day time period within which an appeal of the [January 11, 1990], decision must be filed cannot commence to run until the date of mailing of a "final decision" on the issues addressed in that decision. 38 U.S.C. § 4066(a). Therefore, appellant would be able to secure judicial review of any issues remaining from the [January 11, 1990,] BVA decision once that decision becomes final as a result of further action by the Secretary or the Board on the intertwined claims.

*Harris*, at 183. "[I]f the referral is not resolved in a timely fashion, appellant would be free to pursue an extraordinary writ in this Court. *See Erspamer v. Derwinski*, 1 Vet.App. 3 (1990), *appeal dismissed per agreement of the parties*, No. 90–7001 (Fed.Cir. June 28, 1990)." *Id.* at 6.

*It is so Ordered.*