Melvin D. CHUTE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1468.

United States Court of Veterans Appeals.

July 9, 1991.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Associate Judges.

ORDER

PER CURIAM.

Appellant filed his Notice of Appeal (NOA) on December 18, 1990. This was 190 days after the Board of Veteran's Ap-

peals (BVA or the Board) decision which was decided and alleged to have been mailed to him on June 11, 1990. Appellant contends that the BVA failed to mail its decision to him. On February 26, 1991, this Court granted the Secretary's motion to dismiss this appeal for lack of jurisdiction since appellant's NOA was not filed within 120 days after the presumed mailing date of the BVA decision, *see* 38 U.S.C. § 4066(a) (1988).

Appellant filed a letter with the Court on March 11, 1991, which was construed as a motion for review of the order dismissing appellant's appeal. The appeal was assigned to a panel which, on April 29, 1991, ordered the Secretary to supplement the preliminary record with a showing of the address to which appellant's copy of the June 11, 1990, BVA decision was mailed. Appellant was instructed to produce evidence showing the date when he received the BVA decision; to show that, if his address was different from the address on file at the Department of Veterans Affairs (VA), he had informed the VA of a new address; and to provide documentation showing when such information was sent to the VA. Appellant has not responded.

Pursuant to the order of April 29, 1991, the Secretary filed a supplemental preliminary record on May 9, 1991, which showed appellant's mailing address as: Post Office Box 117, Chocorua, New Hampshire 03817. However, the VA was unable to produce a copy of the decision coversheet, demonstrating that the decision was mailed to appellant at that or any other address.

The BVA decision is of known and documented date. It is the practice and policy of the BVA to mail decisions to claimants. The date of mailing is the date of the decision or at least the next day; *see Sandine v. Derwinski,* 1 Vet.App. 26 (1990); *Rosler v. Derwinski,* 1 Vet.App. 241, 242 (1991). "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have

properly discharged their official duties." *Morris v. Sullivan,* 897 F.2d 553, 560 (D.C.Cir.1990) quoting *United States v. Chemical Foundation,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926).

However, a careful review of the record before us reveals that, not only has VA failed to make a showing that the decision was mailed but further, that, on July 5, 1990, some three weeks after the issuance of the BVA decision (June 11, 1990), appellant wrote to the veterans service officer who had represented him at the regional office and before the BVA and to the adjudication officer at the New Hampshire VA Regional Office. Neither of appellant's letters reflect that he had received a copy of the BVA decision. In fact, both letters appear to be efforts, by the veteran, to seek further information regarding the status of his BVA case, thus indicating he had not received a copy of the BVA decision which is required by 38 U.S.C. § 4004(e) (1988) to be promptly mailed directly to him and his authorized representative.

Therefore, on consideration of the foregoing, the Court finds that the evidence herein is sufficient to rebut the presumption of regularity, and holds that the Secretary failed to comply with the provisions of 38 U.S.C. § 4004(e) which requires the Board to "promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any)."

Because the Secretary has failed to comply with the provisions of 38 U.S.C. § 4004(e), the veteran's 120 day filing period has not yet begun to run. *See* 38 U.S.C. § 4066(a) (1988) (notice of appeal must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 4004(e)). Even though the NOA filed by appellant might be considered a premature NOA, this Court concludes, on the particular facts here, that appellant's appeal was timely filed. It is, therefore,

ORDERED that appellant's motion for review is granted and the Court's order of February 26, 1991, is vacated. It is further

ORDERED that appellant, pursuant to Rule 6 of the Court's Rules of Practice and Procedure, within 30 days after the date of this order, submit a statement of the issues to be raised on appeal so that the record on appeal can be prepared for the Court's review and the case can proceed to briefing by the parties. Appellant shall file such statement with the Clerk of the Court and serve a copy thereof on the General Counsel (027), 810 Vermont Avenue, N.W., Washington, D.C. 20420.