**Paul R. HAYES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1306.**

United States Court of Veterans Appeals.

Sept. 3, 1991.

Before FARLEY, Associate Judge.

## ORDER

The Regional Office (RO) on October 4, 1988, determined that the veteran was not entitled to service connection for post-traumatic stress disorder (PTSD) with panic disorder, hearing loss, hypertension, and tinia pedis. Appellant appealed to the Board of Veterans' Appeals (Board or BVA). Although the Board affirmed the RO's action in a decision dated July 18, 1990, it expressly limited its "consideration to post-traumatic stress disorder" noting that the issue of service connection for panic disorder "has not been developed." *Paul R. Hayes*, BVA No. (unknown) (July 1, 1990).

This appeal is directed only to the issues of service connection for PTSD and panic disorder. In his brief, which was filed on May 13, 1991, appellant argued that the Board was clearly erroneous in affirming the decision that the veteran does not suffer from PTSD. He also argued that the BVA, its expression to the contrary notwithstanding, did in fact deny service connection for panic disorder and that this determination was also clearly erroneous.

On June 13, 1991, the Secretary filed a motion to dismiss on the ground that the issues of PTSD and service-connection for a panic disorder are inextricably intertwined; therefore, the matter should be dismissed for lack of jurisdiction. *See Harris v. Derwinski*, 1 Vet.App. 180 (1991); *Hoyer v. Derwinski*, 1 Vet.App. 208 (1991). Alternatively, the Secretary moved to strike that part of appellant's brief which discussed the claim for service-connection for the panic disorder for failure to exhaust administrative remedies because there is no final Board decision on the issue of a panic disorder. Pending action on this motion, the Secretary requested a stay of proceedings.

On July 1, 1991, appellant filed his opposition to the Secretary's motion to strike and moved for expedited proceedings, an award of interim benefits and oral argument. In response to the Secretary's opposition, appellant argued that the Board's decision is the final action on his claim as nothing has been done to the claim at the RO since the Board's decision. Appellant also argued that the two issues are not inextricably intertwined because they have separate diagnostic criteria and the Board was able to reach conclusions of law and findings of fact on the issue of PTSD leaving the issue of service connection for panic disorder dangling; therefore, appellant argued that this case is distinguishable from *Harris* and *Hoyer*.

The parties reiterated their arguments in additional filings which were accompanied by motions for leave to file.

On July 1, 1991, appellant petitioned the Court for an extraordinary writ. Noting that his claim was originally filed with the Manhattan RO in October 1986, petitioner argued that because of the delay that he has already experienced and because of his extreme financial distress interim benefits should be awarded by this Court. Petitioner also requested that he be allowed to proceed without payment of costs.

Based upon a review of the Board's decision and the submission of the parties, it is this Court's conclusion that a remand is required. In its present posture, the submissions of the parties make it clear that they disagree not on the correctness of the Board's decision but on what the Board actually decided or should have decided. Not only have the issues not been joined, they have not even been defined. While the Secretary first argues that the panic disorder and the PTSD are intertwined, appellant argues that they are segregable. When the Secretary then argues alternatively that the issues should be segregated and that the discussion of panic disorder should be stricken because the Board did not decide the issue, the appellant argues that Board did consider the issue of a panic disorder, but failed to conclude whether or not it is service-connected.

The confusion of the parties stems from the confusion inherent in the BVA decision

itself and the Board's ambivalent treatment of the panic disorder issue. At the outset, the Board expressly stated that it was limiting its consideration to the PTSD issue because the panic disorder issue "has not been developed." The record, however, would appear to permit a contrary conclusion. The examining VA psychiatrist originally proffered two diagnoses: 1) PTSD and 2) Panic disorder. *See* R. at 83. The RO did not separately consider each condition but it did state that the issue before the rating board as "SC [service connection] for post-traumatic stress disorder with panic disorder...." R. at 124. It would thus appear that the RO decision embraced both the PTSD and the panic disorder issues.

Further confusion results from the fact that the Board, its self-imposed limitation notwithstanding, then conceded that the symptoms of a panic disorder were present during service, gratuitously commented that the condition may have existed prior to service, and then announced the medical conclusion that the veteran's panic disorder is distinct from PTSD. *Hayes*, at 4–5. The Board specifically commented that: "There is evidence that the veteran had symptoms of panic disorder prior to service and the symptoms in service reflected no superimposed traumatic psychopathology in our opinion." *Hayes*, at 5.

No conclusion was ever reached by the Board whether the panic disorder was a pre-existing condition. The Board did not discuss, if it was a pre-existing condition, whether it was aggravated by service, *see* 38 C.F.R. § 3.322 (1990), nor did the Board provide any medical basis for its "opinion" that there is "no superimposed traumatic psychopathology," nor for its conclusion that the panic disorder is distinct from PTSD notwithstanding the RO's statement of the issue before it as PTSD with panic disorder. *See Murphy v. Derwinski*, 1 Vet.App. 78 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

Therefore, it is

ORDERED that the Board's decision of July 18, 1990, is vacated and the matter is remanded pursuant to 38 U.S.C. § 7252 (formerly § 4052) for further consideration in light of this order. The Court retains jurisdiction over this appeal; it is further

ORDERED that the Board shall resolve the claim for PTSD and the claim for panic disorder within 90 days from the date of this order. This period is to include any further remand to the RO for further examination or adjudication as the Board deems appropriate; it is further

ORDERED that, pursuant to this Court's decisions in *Gilbert* and *Murphy*, the Board's resolution of these claims shall be accompanied by a statement of the reasons or bases for its conclusions pertaining to the claims for disability resulting from PTSD and panic disorder and any relationship which might exist between the two conditions; it is further

ORDERED that all pending motions for leave to file are granted; it is further

ORDERED that all other pending motions are denied as moot in view of the remand of this case to the Board; it is further

ORDERED that the Secretary will file a response to the petition for an extraordinary writ within 14 days from the date of this order; it is further

ORDERED that the petition for a writ of mandamus will be referred to a panel of this Court and set for oral argument as soon as the Court's calendar permits. The parties shall be prepared to address this Court's jurisdiction to order the payment of interim benefits.