**Phyllis D. ASHLEY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–386.

United States Court of Veterans Appeals.

Submitted June 28, 1991.

Decided Jan. 9, 1992.

As Amended Jan. 10, Jan. 31, and May 28, 1992.

Diane Boyd Rauber, Ruth Eisenberg, and Gershon M. Ratner, Washington, D.C., were on the pleadings for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Angela Foehl, Washington, D.C., were on the pleadings for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

FARLEY, Associate Judge, filed the opinion of the Court, in which MANKIN, Associate Judge, joined. IVERS, Associate Judge, filed a concurring opinion.

FARLEY, Associate Judge:

The Secretary of Veterans Affairs (Secretary or VA) moved to dismiss this appeal for lack of jurisdiction on the grounds that more than 120 days had elapsed between the date on which notice of the decision of the Board of Veterans' Appeals (Board or BVA) was mailed to the veteran and the date on which the appellant filed a Notice of Appeal (NOA) with the Court. Appellant responded that the BVA failed to mail a copy of the decision to her authorized representative as required by 38 U.S.C. § 7104(e) (formerly § 4004(e)), thus tolling the 120–day time limit of 38 U.S.C. § 7266(a) (formerly § 4066(a)) for filing an appeal. We find that the BVA did fail to comply with § 7104(e) and that this failure was not cured, and the 120–day time limit did not begin to run, until appellant's representative received notice of the decision on November 1, 1990. Consequently, appellant's NOA, filed on March 1, 1991, is deemed to have been timely filed and the Court has jurisdiction over her appeal.

## I. BACKGROUND

The National Veterans Legal Services Project (NVLSP) represented appellant before the Board and submitted a brief on her behalf. The Board issued an adverse decision on October 24, 1990. On March 1, 1991, 127 days after the date of the BVA decision, the NVLSP filed an NOA on appellant's behalf. On April 3, 1991, the Court ordered appellant to show cause why the appeal should not be dismissed for lack of jurisdiction.

In response, appellant asserted that the BVA had failed to send notice of the decision to her authorized representative. Relying upon this Court's decision in *Chadwick v. Derwinski*, 1 Vet.App. 74 (1990), appellant argued that, because the BVA did not comply with 38 U.S.C. § 7104(e), the 120–day period of 38 U.S.C. § 7266(a) (formerly § 4066(a)) was tolled. Appellant's Response To Court Order Requiring Appellant to Show Cause (Appellant's Response) at 1. Appellant submitted, *inter alia*, the declarations of Michael E. Wildhaber, Director of Intake and Agency Representation, NVLSP (Appellant's Response, Ex. 1), and Roger Wedel, Staff Attorney, NVLSP (Appellant's Response, Ex. 2), who stated that the NVLSP did not receive a copy of the October 24, 1990, decision from the BVA. A copy of the decision was forwarded by the appellant to a representative of the Commonwealth of Virginia Department of Veterans Affairs who, in turn, transmitted it to the NVLSP by letter dated October 31, 1990. Appellant's Response, Ex. 5. It was received by the NVLSP on November 1, 1990. Appellant's Response at 2.

On May 22, 1991, the Court ordered the Secretary to provide "dates on which the BVA decision of October 29, 1990 [sic], was mailed and the addressees and addresses to which that decision was mailed." On June 11, 1991, the Secretary filed Appellee's Response To The Court Order and Motion To Dismiss (Appellee's Response) seeking dismissal under 38 U.S.C. § 7266(a) due to appellant's failure to file within the 120–day limit. The Secretary argued that, because the claimant's file does not reveal that any required procedures were not followed, this action is distinguishable from *Chadwick* and warrants dismissal. Appellee's Response at 4–5. The Secretary also presented three alternative theories for the shifting of the onus of the untimely filing onto appellant: (1) appellant's representa-

tive had "constructive notice" of the decision because appellant timely received her copy; (2) appellant breached an "obligation to advance a copy of it to her representative"; and (3) "appellant's counsel [breached] a fiduciary duty to stay in touch with the appellant and instruct her to immediately notify her counsel when she received a copy of the BVA decision and to transfer such BVA decision to her counsel." Appellee's Response at 3–4.

Appellant opposed the Secretary's motion to dismiss, arguing that the presumption that the Board followed its normal procedures was effectively rebutted by evidence proffered by appellant. Subsequently, appellant supplemented her response by letter dated July 25, 1991, which contained a citation to the recent order of this Court in *Chute v. Derwinski*, 1 Vet.App. 352 (1991).

We note the potential for some confusion as to whether the Vietnam Veterans of America (VVA) or the NVLSP was the duly authorized representative of appellant before the Board. While the record contains an executed VA Form 21–22 designating the VVA as appellant's representative, it also contains a brief submitted to the Board on appellant's behalf by the NVLSP and reflecting the mailing address of the NVLSP. Pursuant to 38 C.F.R. § 14.-631(c)(2), "an organization named in a power of attorney executed [on proper forms] ... may employ an attorney to represent a claimant in a particular claim" and appellant has indicated that the VVA has a contractual relationship with the NVLSP under which the latter represents the clients of the former. *See* Appellant's Response, Ex. 1 at paras. 1 and 2. However, there is no need to delve into the question of which organization was appellant's authorized representative because the determinative issue is not whether the BVA decision was mailed to the correct representative, but whether the BVA decision was mailed to *any* representative.

## II. ANALYSIS

■ It is a matter of statute that:

[i]n order to obtain review by the Court ... of a final decision of the [BVA], the person adversely affected by the action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section [7104(e)] of this title.

38 U.S.C. § 7266(a) (1991). This 120–day period cannot be extended. *Machado v. Derwinski*, 928 F.2d 389, 391 (Fed.Cir.1991) ("Section [7266(a)] plainly makes compliance with the 120–day limit a prerequisite to Veterans Court review and does not authorize the court to extend the time."). Section 7104(e) provides,

[a]fter reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

This Court has held that "[u]nder the plain language of [7104(e)], the written decision must be mailed to both the claimant and the claimant's representative. The statute is written in the conjunctive, and a mailing made only to the claimant's authorized representative violates this statutory requirement." *Chadwick*, 1 Vet.App. at 76. It necessarily follows that a mailing made to the claimant but not to the claimant's authorized representative also "violates this statutory requirement". *Id.* In view of this statutory mandate and the clarity of the holding in *Chadwick*, the Secretary's arguments based upon theories of constructive notice, appellant's failure to send a copy of the decision to her representative, and the breach of a representative's "fiduciary duty to stay in touch" (Appellee's Response at 3–4) fall of their own weight and do not merit further discussion.

■ "The presumption of regularity supports the official acts of public officers and, in the absence of *clear evidence to the contrary*, courts presume that they have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed..131 (1926) (emphasis added); *see also I.N.S. v. Miranda*, 459 U.S. 14, 18, 103 S.Ct. 281, 283, 74 L.Ed.2d 12 (1982); *Morris*

*v. Sullivan,* 897 F.2d 553, 560 (D.C.Cir. 1990); *Chute,* 1 Vet.App. at 353. Here, this presumption of regularity supports the VA's position that the date of mailing of a BVA decision is the date shown on the decision. *See Sandine v. Derwinski,* 1 Vet.App. 26 (1990) (Declaration of Dennis J. Kelley established that after August 31, 1990, the day of mailing of BVA decisions is the date shown on the decision as the date of the decision.); *Rosler v. Derwinski,* 1 Vet.App. 241 (1991). Therefore, in absence of "clear evidence to the contrary", the BVA is presumed to have mailed the decision on October 24, 1990, the date of the decision, to *both* the claimant and her representative.

■ Appellant does not dispute the fact or the timing of the mailing of the decision to her. Rather, she argues that, as in *Chadwick,* "the 120–day filing period set forth in [§ 7266(a)] did not begin to run" (*Chadwick,* 1 Vet.App. at 76) on October 24, 1990, because the BVA failed to meet its statutory obligation to mail a copy of the decision to her representative, the NVLSP. The issue to be resolved, therefore, is whether and, if so, when the BVA decision was mailed to her representative. Since her NOA was filed 127 days after the date of the BVA decision, appellant, who has the ultimate burden of establishing jurisdiction (*McNutt v. G.M.A.C.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)), must demonstrate entitlement to a delay in the beginning of the running of the 120–day statutory period. In an effort to meet her burden, appellant offers evidence intended to prove two separate facts which appellant apparently believes to be of jurisdictional significance. We will treat each separately, and, in so doing, we note as we did in *Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991), that appellate courts are permitted to resolve factual disputes when necessary to determine their jurisdiction.

### A.

■ The first fact sought to be proved by the appellant is that her representative, the NVLSP, did not *receive* the October 24, 1990, BVA decision by mail from the BVA. The proof submitted to establish this fact consists of a number of declarations submitted by attorneys and employees of the NVLSP, each to the effect that the NVLSP did not receive the BVA decision until a copy sent to appellant was relayed to the NVLSP by a State Veterans Claims Agent and received on November 1, 1990. Appellant's Response at 2, Exs. 1, 2 and 5.

Accepting as fact that the NVLSP did not receive the decision by mail from the BVA, the question becomes whether this fact of non-receipt, standing alone, is the type of "clear evidence to the contrary" which is sufficient to rebut the presumption that officials and employees of the BVA "properly discharged their official duties". *Chemical Foundation,* 272 U.S. at 14–15, 47 S.Ct. at 6. We hold that it is not. Evidence that a BVA decision was not received is just that: evidence going to the question of receipt; it is not evidence going to the question of mailing. At most, evidence of non-receipt of a BVA decision, indeed the *fact* of non-receipt, arguably may raise an inference that the decision was not mailed but that is hardly the type of "clear evidence" which *Chemical Foundation* requires to rebut the presumption of regularity which "supports the official acts of public officers". Evidence of non-receipt would be given different weight if Congress had chosen receipt rather than mailing by the BVA as the trigger for the start of the 120–day period within which to appeal to this Court. Indeed, the cases principally relied upon by appellant are "notice" cases, cases in which the time within which to appeal does not, as a matter of statute, begin to run until the individual personally receives notice. *See, e.g., Dean v. United States,* 10 Cl.Ct. 563, 571 (1986) (Appellant's Opposition at 4); *Kelly v. United States,* 826 F.2d 1049 (Fed.Cir. 1987) (Appellant's Opposition at 5, 7). However, with full knowledge of the presumption of regularity, Congress chose to use the date of mailing in the ordinary sense, as indicated by the plain language of § 7266(a). Thus, it would be improper for this Court to hold that the 120–day period begins on the date a BVA decision is *received* by the claimant and the claimant's

authorized representative, if any. Nor would it be proper for this Court to change the trigger of § 7266 from "the date on which notice of the decision is mailed" to "the date on which *the VA proves* notice of the decision was mailed".

## B.

■ The second fact which appellant seeks to establish is that the BVA did not mail the October 24, 1990, decision to her representative. The evidentiary support for this fact also is contained in the various declarations and goes to the declarants' experiences with VA practices and the contents of appellant's claims file. Bert Boyd, after reciting that it is a part of his duties to review claims folders "on a daily basis", stated that:

> When decisions have been mailed to the claimant's representative, a copy of the BVA decision containing the name and address of the representative is typed in the top right hand corner of the decision. On March 1, 1991, I reviewed the complete, original claims folder bearing the name of Phyllis D. Ashley, XSS 228 62 0654. Mrs. Ashley's claims folder did not contain a copy of the BVA decision with the name and address of the claimant's representative in the upper right hand corner. It did contain a copy of the BVA decision with no additional information on it.

Appellant's Response, Ex. 3, para. 2. Mr. Boyd also declared that "there was no other evidence within Mrs. Ashley's claims folder indicating that the decision had been mailed to her representative. The address of NVLSP, Mrs. Ashley's representative was displayed prominently on the front page of the brief submitted on her behalf." *Id.* Another declarant stated that the brief submitted by the NVLSP to the Board, with the address of the NVLSP address clearly visible, was contained in the claims file. *Id.* at Ex. 4.

The portions of the declarations submitted on behalf of the appellant which directly address VA practice and the contents of appellant's claims file go to the heart of the question whether the BVA mailed the decision to her representative. The declarations are precisely the type of "clear evidence to the contrary" required by *Chemical Foundation* to rebut the presumption that officials and employees of the BVA "properly discharged their official duties". While appellant continues to bear the ultimate burden of proving that this Court has jurisdiction, the evidentiary submission is more than sufficient to rebut the presumption of regularity and shift to the Secretary the burden of coming forward with evidence to establish that the BVA decision was mailed to appellant's representative. "The presumption [of official regularity may also] operate[ ] in reverse. If it appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary." *United States v. Roses, Inc.,* 706 F.2d 1563, 1567 (Fed.Cir.1983).

Since appellant here submitted evidence which was sufficient to rebut the presumption of regularity, the burden of coming forward with evidence demonstrating that the BVA mailed a copy of the decision to the NVLSP on October 24, 1990, was shifted to the Secretary. However, instead of shouldering this burden, the Secretary merely continued to rely upon the presumption of regularity:

> [a]lthough the claim filed in the instant case does not specifically indicate the addresses to which the BVA decision was mailed, in the ordinary course of business BVA decisions are mailed, on the date of the decision, to claimants at their last known addresses and to their representatives of record ...

Appellee's Response at 1. The Secretary only confirmed that "There is no record in the claims file of the addresses or addresses to which the aforementioned BVA decision was mailed." Declaration of Peggy U. Hall at para. 2. It was also noted that the "claimant's representative is the Vietnam Veterans of America". *Id.* at para. 3. The VA attempted to negate the implications of the absence of any indication that the decision had been mailed to the NVLSP by arguing that it was not the practice of the BVA to record or indicate the addresses or recipients of a BVA decision. Appellee's Response at 3. However, the Secretary did

not submit any evidence to counter appellant's declarations with respect to VA practices—specifically, the Boyd declaration: "[w]hen decisions have been mailed to the claimant's representative, a copy of the BVA decision containing the name and address of the representative is typed in the top right hand corner of the decision[,]" nor did the Secretary establish that a copy of the decision was mailed to appellant's representative.

Therefore, appellant has met the burden of proving that the BVA decision of October 24, 1990, was not mailed by the BVA to appellant's representative as required by 38 U.S.C. § 7104(e) and *Chadwick.* In *Chute,* the appellant provided evidence not only that the appellant did not receive the BVA decision but that, in addition, the claims file did not contain evidence of the decision having been mailed to the appellant's then current address. 1 Vet.App. 352. When the VA failed to meet the burden of coming forward with evidence from the administrative record sufficient to demonstrate that the BVA decision had been mailed to the correct current address of the appellant, the Court held that the 120–day period of § 7266(a) was tolled by the VA's failure to comply with § 7104(e), which requires the decision to be mailed to the claimant's "last known address", until the VA complied with the statute. *Id.* at 353.

The record of this case and the rationale of *Chute* compel a tolling of the 120–day period here. Unlike *Chute,* however, here it is undisputed that appellant's representative did receive a copy of the decision on November 1, 1990. We hold that the defect resulting from the VA's non-compliance with 38 U.S.C. § 7104(e) was cured on November 1, 1990, when, according to the appellant's own records, the NVLSP received the BVA decision dated October 24, 1990. The Notice of Appeal filed on March 1, 1991, 120 days after November 1, 1990, is a timely and sufficient predicate for this Court to exercise jurisdiction over this appeal. There is no need for us to decide what the result would have been had the NVLSP never received the decision.

In view of the foregoing, we deny the Secretary's motion for dismissal for lack of jurisdiction and order the parties to proceed in accordance with this Court's Rules of Practice and Procedure.

*It is so Ordered.*

IVERS, Associate Judge, concurring:

I concur in the opinion of the Court. However, in reviewing the record in this case, I am left with the impression that appellant's representatives may have had notice, either actual or, at a minimum, constructive of the Board of Veterans' Appeals (BVA) decision of October 24, 1990. Thus, either through an oversight or, in a manner calculated to establish a point of law, the time for filing of a Notice of Appeal was allowed to expire. In either case, had the Secretary instituted a system of accountability for mailing, and, thus, been in a position to establish that a copy of the BVA decision was mailed to both appellant and counsel, appellant's right to appeal would have been lost.