**John L. RYAN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–2156.**

United States Court of Veterans Appeals.

July 1, 1992.

Before STEINBERG, Associate Judge.

ORDER

It is ORDERED, sua sponte, that this Court's order dated June 17, 1992, is vacated, and the following order is substituted therefor:

On April 10, 1992, appellant filed a motion for an extension of time to file a statement of issues and for suspension of appellate proceedings. In his motion, appellant asserts that on January 23, 1992, the Court directed appellant to advise the Court of the status of the proceedings before the Board of Veterans' Appeals (BVA) and of the need for any additional stay on this appeal. Appellant further states that on March 6, 1992, the BVA denied a motion for reconsideration and that on March 12, 1992, appellant requested the Wichita Regional Office (RO) of the Department of Veterans Affairs (VA) to reopen his claim. Appellant requests the Court to issue an order further suspending appellate proceedings until such time as the RO makes a determination concerning the request for reopening of his claim.

The first issue presented in this case involves the timeliness of appellant's Notice of Appeal (NOA). To be timely filed under the Court's rules (U.S.Vet. App.R. 4)) and precedents construing 38 U.S.C. § 7266(a) (formerly § 4066), an NOA must be actually received by the Court within 120 days after the BVA decision is mailed to an appellant. *See Elsevier v. Derwinski*, 1 Vet.App. 150 (1991). On April 29, 1992, the Court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction because of an NOA filed on December 11, 1991, 121 days after the date shown on the BVA decision. *See Ashley v. Derwinski*, 2 Vet.App. 62, 65 (1992) (Court initially presumed October 24, 1990, date of BVA decision to be date of mailing); *Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991) (Court

accepted that prior to August 30, 1990, mailing of notice of BVA decision occurred on day after date shown on decision). On May 12, 1992, appellant filed a response to the Court's order. In the response, he asserted that, although a BVA decision rendered after August 31, 1990, had been presumed by the Court to have been mailed on the date shown on the decision, the Chairman of the BVA, Charles L. Cragin, had recently declared, in an affidavit filed with the Court, that same-day mailing, prior to January 16, 1992, did not uniformly occur. *See Bosmay v. Derwinski*, 2 Vet.App. 306, 307 (1992) (in which Declaration of Charles L. Cragin was submitted). Consequently, appellant contends, the presumption of next-day mailing should apply in his case, making his NOA timely.

The Court agrees with appellant that the next-day mailing presumption should apply to the August 12, 1991 BVA decision at issue. The information recently proffered by the Secretary of Veterans Affairs (Secretary) does indicate that BVA decisions rendered prior to January 16, 1992, cannot be presumed to have been mailed on the date of the decision. *Ibid.* Consequently, August 13, 1991, the day following the BVA's August 12, 1991, decision is presumed to have been the date of mailing here. *See Rosler, supra.* Therefore, appellant's filing of his NOA, on December 11, 1991, occurred on the 120th day after the mailing of that decision and was, therefore, timely.

The second issue in this case, appellant's motion for suspension of appellate proceedings, has raised the possibility that parallel proceedings are ongoing in this Court and the RO. If the matter pending before the Secretary requires administrative adjudication of the same claim as is pending before this Court, the Court may not permit the appeal to go forward. *See Cochran v. Birkel*, 651 F.2d 1219, 1221–22 (6th Cir.1981); *Cerullo v. Derwinski*, 1 Vet.App. 195, 197, 201 (1991) ("when an appeal is pending before this Court no action may be taken affecting [it] except by order of this Court upon terms specified by it"). On the other hand, if the claim pend-

ing before the Secretary is a new or different claim than that pending before the Court, the Court may proceed with the appeal before it.

■ Appellant's request that the RO reopen his claim is a new or different claim than that pending before the Court. Nevertheless, the Court hesitates to proceed with the appeal before it because of the possibility of a close relationship of the issues in each claim and the possibility of piecemeal litigation with regard to this appellant. *Hoyer v. Derwinski*, 1 Vet.App. 208, 209–10 (1991); *Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991) (quoting *Ciba–Geigy Corp. v. EPA*, 801 F.2d 430, 436 (D.C.Cir.1986) (interest in postponing judicial review is powerful when agency position is tentative since judicial review at that stage improperly intrudes into agency's decision-making process and squanders judicial resources because challenging party still enjoys an opportunity to convince agency to change its mind later)).

However, there exists the danger of substantial prejudice to appellant were the Court to dismiss the appeal. If the Court dismisses the appeal and appellant's claim to reopen is denied by the RO and the BVA for lack of new and material evidence under 38 U.S.C. § 5108 (formerly § 3008), appellant will have lost his right to a merits review of the August 12, 1991, BVA decision and could receive judicial review of only the BVA's later decision that no new and material evidence existed upon which to reopen his claim. *Cf. Breslow v. Derwinski*, 1 Vet.App. 359, 363 (1991) (where motion for BVA reconsideration is denied, the most that would be reviewable on appeal would be VA's exercise of discretionary authority whether or not to grant reconsideration). Moreover, appellant might prevail on the issue of reopening in the administrative process only to have this Court hold that there was no new and material evidence to justify reopening the claim. Alternatively, this Court may hold that new and material evidence was presented and appellant may ultimately prevail on the reopened claim but the effective date for any such award of benefits

would likely be later in time than that which would be assigned if appellant were to prevail before this Court with regard to the August 12, 1991, BVA decision.

On consideration of the foregoing, it is

ORDERED that appellant's motion for suspension of appellate proceedings is granted for 30 days from the date of the June 17 order or until further order of the Court. It is further

ORDERED, sua sponte, that appellant, within 30 days after the date of the June 17 order, inform the Court whether he desires to stay proceedings until he has received a BVA decision in the matter pending at VA, and, at that time, receive simultaneous judicial review of the two BVA decisions, or whether he intends to proceed with the present appeal, limiting it to matters and evidence considered in the August 12, 1991, BVA decision. It is further

ORDERED that appellant's motion for an extension of time to file a statement of issues is granted until further order of the Court.