FARLEY, Judge,
concurring:
I concur in the denial of the application, but for reasons that differ from those of my colleagues. The Board’s decision in this matter was issued on November 9, 2000, which was the same date that the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat. 2096 (2000), was signed into law.. Pursuant to section 7(a) of the VCAA, that act applies to “any claim ... not final as of [the date of enactment].” (Emphasis added.) Because a claim decided by the Board on November 9, 2000, was “not final as of’ November 9, 2000, I believe that Cycholl v. Principi, 15 Vet.App. 355 (2001), compels the conclusion that the appellant is a prevailing party. However, I also believe that the Secretary was substantially justified in not addressing the VCAA just moments after enactment or, depending upon the relative times of the signing of the enrolled bill by the President and the mailing of the decision by the BVA, perhaps even before enactment. This is particularly so because the steps taken by the Board immediately prior to the mailing of the decision are more likely to have been not substantive but clerical, procedural, and administrative (e.g., making copies, date stamping, delivery, etc.). See Sandine v. Derwinski, 1 Vet.App. 26 (1990).