**Earl CLEMMONS, Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 99–7107.**

United States Court of Appeals, Federal Circuit.

March 23, 2000

Rehearing and Rehearing En Banc Denied May 2, 2000

Kenneth M. Carpenter, Carpenter, Chartered of Topeka, Kansas, argued for claimant-appellant.

Franklin E. White, Jr., Attorney, Department of Justice, of Washington, D.C., argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Jr., Assistant Director. Also on the brief were Richard J. Hipolit, Acting Assistant General Counsel, and Martin J. Sendek, Staff Attorney, Department of Veterans Affairs, of Washington, D.C.

Before MAYER, Chief Judge, PLAGER and RADER, Circuit Judges.

MAYER, Chief Judge.

Earl Clemmons appeals the judgment of the Court of Appeals for Veterans Claims, Docket No. 97–2138, denying his application for reasonable attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1994). *See Clemmons v. West*, 12 Vet.App. 245 (Vet. App.1999). Because we lack jurisdiction over his appeal, we dismiss.

### Background

In March 1986, Clemmons applied to the Veterans Administration Regional Office in Atlanta, Georgia, seeking compensation for paranoid schizophrenia which he claimed was service connected. The Regional Office denied that claim on June 27, 1986. Clemmons twice requested that the Regional Office reopen his claim for service connection and presented new evidence. In both cases, the Regional Office found that Clemmons' additional evidence was not new and material and denied his requests to reopen his claim.

In November 1995, Clemmons filed a timely Notice of Disagreement with the second denial of his request to reopen his claim. In an October 22, 1997, decision, the Board of Veterans' Appeals found that Clemmons had failed to submit new and material evidence that would support the

reopening of his claim for service connection for schizophrenia. In making that determination, the board applied the then-applicable standard for new and material evidence established by *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (Vet.App.1991). *Colvin* required that there be "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.*

Clemmons filed a timely appeal of the board decision to the Court of Appeals for Veterans Claims. During the pendency of that appeal, we overruled *Colvin. See Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir.1998) (The Court of Appeals for Veterans Claims erred in *Colvin* by not deferring to the plain language of the Secretary's administrative regulation, 38 C.F.R. § 3.156(a),* and by imposing a more demanding legal standard of new and material evidence). Following our decision in *Hodge*, the Court of Appeals for Veterans Claims granted the Secretary's unopposed motion to remand Clemmons' case to the board for reconsideration under the appropriate standard for new and material evidence.

Clemmons filed an application for attorney fees and expenses pursuant to the Equal Access to Justice Act for expenses incurred in pursuing his appeal of the board's decision. The Court of Appeals for Veterans Claims denied Clemmons' application for fees and expenses because the Secretary's litigation positions before the board and that court were substantially justified in following the then-controlling law. *See Clemmons*, 12 Vet.App. at 247. This appeal followed.

### Discussion

Our review of decisions of the Court of Appeals for Veterans Claims is limited by statute and includes "review of the deci-sion with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (1994). Except to the extent that a constitutional issue is presented, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

■ Clemmons' argument is based solely on the contention that the Court of Appeals for Veterans Claims erred in finding that the Secretary was substantially justified in following *Colvin*. Specifically, he argues that the Secretary should have applied 38 C.F.R. § 3.156(a) in the underlying decision rather than relying on the *Colvin* definition of new and material evidence. Clemmons asserts that the Secretary has a duty to defend and apply his own regulations, even in the face of contrary guidance from the Court of Appeals for Veterans Claims, and his failure to do so in Clemmons' case requires a conclusion as a matter of law that the Secretary's litigation position was not substantially justified.

■ There is no statutory requirement that the Secretary appeal from a Court of Appeals for Veterans Claims' decision that is arguably inconsistent with his own regulations. The Secretary is faced with a discretionary decision under such circumstances, and nothing in our precedent suggests that his actions are not substantially justified because he decided in good faith in a prior case that filing an appeal was not the appropriate course of action. Government officials are presumed to carry out their duties in good faith and proof to the contrary must be almost irrefragable to overcome that pre-

---

* 38 C.F.R. § 3.156(a) provides:

> *New and material evidence* means evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim.

sumption. *See Sanders v. United States Postal Serv.*, 801 F.2d 1328, 1331 (Fed.Cir. 1986).

Absent a legal claim, Clemmons' appeal is reduced to a request that we review the Court of Appeals for Veterans Claims' determination that the Secretary's litigation position was substantially justified. This is not within our jurisdiction. We have stated that, "to determine whether the overall position of the United States is substantially justified, trial courts are instructed to look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu v. United States,* 948 F.2d 711, 715 (Fed.Cir.1991) (footnotes omitted). "This 'quintessentially discretionary' inquiry ... necessarily involves the determination of facts and the application of the substantially justified standard of the [Equal Access to Justice Act] to those facts." *Stillwell v. Brown,* 46 F.3d 1111, 1113 (Fed.Cir.1995). We are specifically precluded from considering such a challenge.

### Conclusion

Clemmons' appeal is dismissed for lack of jurisdiction.

*DISMISSED*