James J. **MANNO** Sr., d/b/a James J. **Manno Construction Co.,** Plaintiff,

v.

**The United States, Defendant.**

No. 99–285C.

United States Court of Federal Claims.

Jan. 30, 2001.

---

Albert Bates, Jr., Donald Matthew Jameson, III, Babst, Calland, Bruce Erwin Stanley, Reed, Smith, Pittsburg, PA, for plaintiff.

Phyllis Jo Baunach, Department of Justice, Civil Division-Commercial Litigation Branch, Washington, DC, for defendant.

### ORDER

MILLER, Judge.

This case is before the court on plaintiff's Application for Attorneys' Fees after trial and entry of judgment in plaintiff's favor. Plaintiff argues that the position of the United States Department of Agriculture, by the Natural Resources Conservation Service Agency (the "NRCS" or the "agency"), both before and during litigation was not "substantially justified" within the meaning of the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West 1994 & Supp.1999) (the "EAJA"). Argument is deemed unnecessary.

### FACTS

The NRCS awarded James J. Manno, Sr., d/b/a James J. Manno Construction Co. ("plaintiff"), Contract No. 50–5E34–7–78 for the construction of 1,805 linear feet of H-piling wall and related work along Churn Creek Road in Jefferson Township, Adams County, Ohio (the "Project"). At the conclusion of the project, plaintiff, acting *pro se,* submitted a claim dated February 11, 1998, to the contracting officer for an equitable adjustment. In a letter dated May 4, 1999, the contracting officer denied plaintiff's claim in its entirety.

The contracting officer's denial was based, in part, on his review of the Job Diaries maintained by the Government's engineer during the Project. Plaintiff appealed the denial to the cognizant board of contract appeals. When the Government moved to dismiss plaintiff's appeal as untimely, plaintiff requested that its appeal be withdrawn without prejudice in order to file in the United States Court of Federal Claims. That request was granted on November 18, 1998.

On August 28, 1998, plaintiff submitted a request for the Job Diaries under the Freedom of Information Act, 5 U.S.C.A. § 552 (West 1994 & Supp.1999) (the "FOIA"). Citing the "deliberative process privilege (predecisional)" the agency denied the request on September 29, 1998. Plaintiff appealed on October 5, 1998, and the request was again denied on October 22, 1998. Plaintiff, still acting *pro se,* wrote two other letters, on November 20, 1998, and January 15, 1999,

clarifying its FOIA request. The Job Diaries still had not been turned over when plaintiff filed the instant action on May 7, 1999. Beginning on or about that date, plaintiff was represented by counsel.

The case proceeded through cross-motions for summary judgment and to trial commencing on August 21, 2000. Leading up to and during the trial in this case, plaintiff presented a number of bases for recovery. Plaintiff asserted that it was entitled to an equitable adjustment based on defective specifications, bad faith on the part of agency officials, differing site conditions, and unreasonable inspections and tolerances mandated by the NRCS. After ruling on the parties' cross-motions and a five-day trial, including an indispensable day-long site inspection, the court found that plaintiff was entitled to an award based on the "zealous and enforced inspection" that was suddenly required midway through the project. *See* Transcript of Trial, No. 99–285C, at 928 (Fed.Cl. Aug. 25, 2000) ("Tr."). Plaintiff's other theories of recovery, either during briefing or at trial, did not provide a basis for relief. The court directed the parties to file a stipulation as to computation of damages, costs, and interest. On October 5, 2000, the court issued an order entering judgment for plaintiff in the amount of $119,715.51.

At the conclusion of the trial and its bench ruling, on August 25, 2000, the court urged plaintiff to consider carefully a claim for attorneys' fees. *See* Tr. at 931. Plaintiff represents that it has done so, *see* Pl.'s Br. filed Oct. 18, 2000, at 1, and moves now for attorneys' fees incurred before and during trial.

### DISCUSSION

1. *The Equal Access to Justice Act*

The EAJA sets forth a cause of action for fees and costs: The court "shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A). Defendant concedes that plaintiff is an "eligible"[1] "prevailing party"[2] within the meaning of the EAJA. *See* Def.'s Br. filed Dec. 1, 2000, at 7. The remaining issue is whether the Government's position was "substantially justified."

 The "position" of the Government "means, in addition to the position take by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based ...." 28 U.S.C.A. § 2412(d)(2)(D). A position "can be justified even though it is incorrect, and it can be substantially justified if a reasonable person could think it correct." *Doe v. United States*, 16 Cl.Ct. 412, 419 (1989). The Government bears the burden of showing that its position was substantially justified. *See Helfer v. West*, 174 F.3d 1332, 1336 (Fed. Cir.1999).

 The phrase "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted). Thus, the trial court must "look at the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu v. United States*, 948 F.2d 711, 715 (Fed.Cir.1991) (footnote omitted); *see TGS Intern., Inc. v. United States*, 983 F.2d 229, 229–30 (Fed.Cir.1993). "[T]he entirety of the conduct of the [G]overnment," includes "the action or inaction by the agency prior to litigation." *Chiu*, 948 F.2d at 715. "As the Supreme Court has emphasized, whether the Government's position lacks substantial justification is a "single finding" that operates as a one-time threshold for fee eligibility." *Commissioner Immi-*

---

1. A "prevailing party" must demonstrate that it is eligible to receive an award of attorneys' fees. Pursuant to Section 2412(d)(1)(B) of the EAJA, an "eligible" party includes, *inter alia*, a corporation "the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed ...." 28 U.S.C.A. § 2412(d)(2)(B).

2. Plaintiff is a "prevailing party" insofar as judgment was entered in favor of plaintiff and against defendant.

*grat. & Nat. Servs. v. Jean,* 496 U.S. 154, 160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

When evaluating whether the Government has met its burden, the court therefore examines the entirety of the Government's conduct and makes a single finding as to whether the Government's position was substantially justified. "This 'quintessentially discretionary' inquiry ... necessarily involves the determination of facts and the application of the substantially justified standard of the EAJA to those facts." *Stillwell v. Brown,* 46 F.3d 1111, 1113 (Fed.Cir.1995) (citations omitted); *see also Clemmons v. West,* 206 F.3d 1401, 1404 (Fed.Cir.2000) (ruling that Federal Circuit was "precluded" from reviewing challenge to trial court's factual determination that Government's position was substantially justified). If the Government has not carried its burden, the court then determines what fee is reasonable. *See Jean,* 496 U.S. at 161, 110 S.Ct. 2316.

### 2. *Was the Government's position substantially justified?*

■ Plaintiff recounts the history of this litigation to mount its case that the Government was not substantially justified in rejecting plaintiff's claim. Plaintiff singles out two instances of Government conduct: (1) the agency's "unjustified refusal to produce the [Job] [D]iaries," Pl.'s Br. filed Oct. 18, 2000, at 6, that the contracting officer relied on to deny plaintiff's claim and (2) a number of settlement conferences that plaintiff's counsel and plaintiff itself attended at the invitation of government counsel, at which defendant's counsel stated that the Government was not willing to settle the case. Plaintiff asserts that the Government's uncompromising position regarding settlement never changed during the litigation and was unjustified.

Defendant responds primarily by extolling its victories on a number of the claims that plaintiff presented for relief. Defendant correctly points out that while plaintiff advanced arguments based on defective specifications, bad faith on the part of government officials,

and differing site conditions, the court found none of these bases sufficient. *See* Tr. at 921–925, 930. With respect to the Government's settlement position, defendant cites *Jean* for the proposition that consideration of the Government's conduct in the abstract is improper. Defendant maintains that it "reasonably believed that it would prevail upon the issue of liability," *see* Def.'s Br. filed Dec. 1, 2000, at 16, and that its settlement strategy was based on this belief. Finally, defendant argues that the court lacks jurisdiction to consider the agency's refusal to turn over the Job Diaries. Because plaintiff filed later FOIA requests in an effort to obtain the Job Diaries, according to defendant, plaintiff's demand for attorneys' fees "that relate to its actions taken in pursuit of information through FOIA are ... not properly before this Court." *Id.* at 12 (citing 5 U.S.C.A. § 552(a)(4)(B)).

As a preliminary matter, jurisdiction is present to consider the entirety of the government's position under the EAJA. While the court cannot make a separate fee award based on plaintiff's FOIA requests in and of themselves, the court, when determining whether defendant's position was "substantially justified," nonetheless may independently examine the efforts made by plaintiff to obtain the Job Diaries and, more importantly, the agency's refusal to release these records to plaintiff.[3] Similarly, the court will not examine defendant's settlement conduct in a vacuum, apart from the agency's other responses to plaintiff's claims, as well as other aspects of defendant's conduct during the litigation.

The court finds that the Government's position was substantially justified. Defendant zealously advocated its position throughout the litigation and never put forward unreasonable defenses or arguments pertaining to plaintiff's claims. At no time was this more apparent then when the court attended the site inspection, along with the counsel for both parties. On this inspection the court observed firsthand the overall quality and extent of the change in plaintiff's work. Two

---

**3.** Defense counsel objected to any line of questioning about the FOIA requests during the trial. It is true now, as it was then, that notwithstanding the legal significance of FOIA, "[h]ow plaintiff is treated as a government contractor is very relevant to these proceedings." Tr. at 318.

facts were immediately apparent: First, the quality of plaintiff's work improved dramatically midway through the project, when plaintiff was subjected to vigorous enforcement of tolerances and specifications that theretofore had been relaxed. This extra work formed the basis for plaintiff's claim for damages based on overzealous inspection. Second, however, the extra work was not as extensive as plaintiff claimed. The court found that plaintiff bore responsibility for some of the problems encountered during construction. As the court noted in its bench ruling, plaintiff was only entitled to the portion of overrun costs that specifically was attributable to overzealous enforcement. *See* Tr. at 928 (holding that Government's liability began on June 5, 1997). From the costs attributable to this period, the court deducted an additional 20 percent due to plaintiff's own inefficiencies. *See* Tr. at 929–30.

Thus, while the site inspection did inure to the benefit of plaintiff, it also pointed up the reasonableness of defendant's position that the agency was not responsible for all of plaintiff's cost overrun. Defendant was substantially justified in insisting that it only pay for that portion of plaintiff's claim for which it was legally responsible. The court emphasized that this was a case that turned on the site inspection and the credibility of witnesses. *See* Tr. at 926. A situation where the court's decision turned on observations and evidence that could only be obtained during trial (such as was the case) has been held to militate against an EAJA award. *See United Constr. Co., Inc. v. United States,* 11 Cl.Ct. 597, 601 (1987) (trying case that turned on expert testimony substantially justified).

While the Job Diaries were an important source of proof for plaintiff's ultimate recovery, the contracting officer's refusal to turn them over, however unreasonable, cannot be said to render the entirety of the Government's actions, which constitutes the position under scrutiny, *see Jean,* 496 U.S. at 160–61, 110 S.Ct. 2316, other than substantially justified. The court opined during the trial that "if the contracting officer relies on [J]ob [D]iaries to deny a claim, taking the position that these documents are protected by the deliberative process privilege may not have legal consequence, but it's absolutely hypocritical." Tr. at 318. While unfortunate and less than candid, this conduct by the contracting officer does not condemn the Government's resistence to plaintiff's claims. Plaintiff acknowledges that defendant eventually did provide plaintiff with copies of the Job Diaries when defendant listed them as one of its trial exhibits, after the client agency, the NRCS, provided them to defendant's counsel. Although the Job Diaries were produced late in the history of this claim, the Government's position remained that it pay only that portion of plaintiff's claim attributable to the NRCS' conduct. The issue presented by this case was what portion, if any, of the contractor's overruns were the responsibility of the NRCS. Defendant's position on this issue was substantially justified.

With respect to the settlement initiatives, plaintiff points out that plaintiff's counsel and plaintiff itself were invited to attend negotiations with defendant only to learn that defendant's counsel was not amenable to discussing an offer. Plaintiff characterizes this conduct misleading and unjustified, especially because, as the proceedings progressed and, according to plaintiff, it "was going to achieve some amount of affirmative recovery," Pl.'s Br. filed Oct. 18, 2000 at 8, defendant still refused to consider settlement. While it is appropriate to examine the parties' settlement positions to determine whether the Government's overall position was substantially justified, *see FDL Techs., Inc. v. United States,* 26 Cl.Ct. 484, 486 (1992), even assuming that a party's settlement position is unreasonable, it is still possible to find that the Government's position as a whole is substantially justified. *See Gargoyles, Inc. v. United States,* 45 Fed.Cl. 139, 147 (1999) ("Assuming, *arguendo,* that defendant's settlement position was unreasonable, the Court concludes that such unreasonableness was not sufficient to justify an award of fees and expenses."). The court accepts plaintiff's characterization of defendant's conduct regarding settlement, but finds that, even if the Government's conduct was rigid or misleading, it does not render the Government's entire litigation position not substantially justified.

Plaintiff asks for all fees incurred through its preparation and prosecution of its claim. Here, as was the situation at trial, the question is only what portion, if any, of those attorneys' fees is compensable under the EAJA. Because defendant's overall position was substantially justified insofar as a reasonable person could find its arguments to be correct, *see Doe,* 16 Cl.Ct. at 419, it is not obligated to reimburse plaintiff under the EAJA.

The court acknowledges plaintiff's frustration with the regrettable lack of candor displayed by the agency. Trial illuminated that budgetary concerns motivated the NRCS' actions. This agency does important work of the Government. For example, the NRCS in the case at bar rapidly contained a catastrophic river overflow that covered the only access road in this remote area.[4] However, the proper response to the situation was not turning its back to plaintiff's claim. Accordingly, based on the foregoing,

## CONCLUSION

Plaintiff's Application for Attorneys' Fees under the EAJA is denied.

**IT IS SO ORDERED.**

No costs on the application.

---

4. The slogan on display at the only commercial building in Blue Creek, Ohio, was "Blue Creek— It's not the end of the world, but you can see it from here."