**CHANGZHOU HAWD FLOORING CO., LTD., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 14–95.**
**Court No. 12–00020.**

United States Court of International Trade.

Aug. 14, 2014.

Gregory S. Menegaz, J. Kevin Horgan, and John J. Kenkel, deKieffer & Horgan, PLLC, of Washington, DC, for the Plaintiffs.

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Sarah M. Wyss, and Daniel R. Wilson, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiff–Intervenor Fine Furniture (Shanghai) Ltd.

H. Deen Kaplan, Craig A. Lewis, and Mark S. McConnell, Hogan Lovells U.S. LLP, of Washington, DC, for Plaintiff–Intervenor Armstrong Wood Products (Kunshan) Co., Ltd.

Mark R. Ludwikowski, Arthur K. Purcell, Michelle L. Mejia, Kristen Smith, and Lana Nigro, Sandler, Travis & Rosenberg, PA, of Washington, DC, for Plaintiff–Intervenors Lumber Liquidators Services, LLC, and Home Legend, LLC.

Alexander V. Sverdlov, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel was Shana Hofstetter, Attorney, International Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

*OPINION and ORDER*

POGUE, Senior Judge:

Before the court is Defendant's motion for voluntary remand in this challenge to an antidumping duty determination. Def.'s Mot. for a Voluntary Remand, ECF No. 92 ("Mot. for Voluntary Remand").[1] Specifically, the United States Department of Commerce ("Commerce") seeks a partial remand "to determine whether it should conduct a 'limited' investigation of the eight separate rate [P]laintiffs." *Id.* at 1. Plaintiffs and Plaintiff–Intervenors oppose Commerce's request.[2] Because Commerce's concern is substantial and legitimate, Defendant's motion is GRANTED.

**BACKGROUND**

Plaintiffs, all separate rate respondents in the underlying administrative proceedings, challenge Commerce's determination of their antidumping duty deposit rate in Multilayered Wood Flooring from the People's Republic of China, 76 Fed.Reg. 64,-318 (Dep't Commerce Oct. 18, 2011) (final determination of sales at less than fair value). Compl., ECF No. 9 at ¶ 3.[3] Litigation of this matter has thus far produced two court opinions [4] and two corresponding

---

1. The court has jurisdiction pursuant to § 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012) and 28 U.S.C. § 1581(c) (2012). All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, 2012 edition.

2. Pls.' Opp'n to U.S. Mot. for Voluntary Remand Re Second Remand Redetermination, ECF No. 102 ("Pls. Opp'n"); Resp. of Fine Furniture (Shanghai) Ltd. to Def.'s Mot. for a Voluntary Remand, ECF No. 99 ("Fine Furniture Opp'n"); Pl.-Intervenor Armstrong's Br. in Opp'n to Def.'s Mot. for Voluntary Remand, ECF No. 100 ("Armstrong Opp'n"); Resp. of Lumber Liquidators Services, LLC in Opp'n to Def.'s Mot. for Voluntary Remand, ECF No. 101 ("Lumber Liquidators Opp'n").

3. Plaintiffs' action was previously consolidated with Court Numbers 11–00452, 12–00007, and 12–00013, under Consolidated Court Number 12–00007. Order, May 31, 2012, Consol. Ct. No. 12–00007, ECF No. 37. Court Number 11–00452 was ultimately severed and dismissed. Am. Order Nov. 27, 2012, Consol. Ct. No. 12–00007, ECF No. 75; Judgment, Ct. No. 11–00452, ECF No. 68; *see Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States,* —— CIT ——, 853 F.Supp.2d 1290 (2012); *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States,* —— CIT ——, 865 F.Supp.2d 1300 (2012).

4. *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States,* —— CIT ——, 925 F.Supp.2d 1332 (2013) ("*Baroque III* ") and *Baroque*

redeterminations by Commerce.[5] In the second redetermination, rather than recalculate the separate rate for all separate rate respondents, Commerce assigned seven of the Plaintiffs[6] either the rate established for them in the first administrative review of the antidumping duty order or their previously determined provisional measure cap rate.[7] Commerce initiated an individual investigation for the remaining eighth Plaintiff,[8] as that company was not included in the first administrative review and Commerce did not have enough data on the record to calculate a rate reflective of that company's economic reality.2d Redetermination at 7–9.[9] This redetermination was challenged in extensive briefing before the court.[10]

*Timber Indus. (Zhongshan) Co., Ltd. v. United States*, —— CIT ——, 971 F.Supp.2d 1333 (2014) (*"Baroque IV "*).

5. Final Results of Redetermination Pursuant to Ct. Order, Consol. Ct. No. 12–00007, ECF No. 132, and Final Results of Redetermination Pursuant to Ct. Order, ECF No. 52 (*"2d Redetermination "*). Following the first remand determination, Court Numbers 12–00007 and 12–00013 were severed and final judgment entered. Order Granting Mot. to Sever, Consol. Ct. No. 12–00007, ECF No. 162; Judgment, Ct. No. 12–00007, ECF No. 163; Judgment, Ct. No. 12–00013, ECF No. 32. These have since been appealed by Defendant–Intervenor CAHP. Appeal of Judgment, Ct. No. 12–00007, ECF No. 166; Appeal of Judgment, Ct. No. 12–00013, ECF No. 33.

6. Fine Furniture Shanghai, Ltd.; Dunhua City Jisen Wood Industry Co., Ltd.; Dunhua City Dexin Wood Industry Co., Ltd.; Dalian Huilong Wooden Products Co.; Kunshan Yingyi–Nature Wood Industry Co., Ltd.; Armstrong Wood Products (Kunshan) Co., Ltd.; and Karly Wood Product Ltd. *2d Redetermination* at 1–2, 7–8.

7. Commerce cites *Multilayered Wood Flooring from the People's Republic of China*, 78 Fed. Reg. 70,267 (Dep't Commerce Nov. 25, 2013) (preliminary results of antidumping duty administrative review; 2011–2012) for the first administrative review. *See 2d Redetermination* at 7 n. 21, 9 n. 30. Commerce has since issued *Multilayered Wood Flooring from the People's Republic of China*, 79 Fed.Reg. 26,-712 (Dep't Commerce May 9, 2014) (final results of antidumping duty administrative review; 2011–2012) and *Multilayered Wood Flooring from the People's Republic of China*, 79 Fed.Reg. 35,314 (Dep't Commerce June 20, 2014) (amended final results of antidumping duty administrative review; 2011–2012).

8. Changzhou Hawd Flooring Co.

9. Changzhou Hawd subsequently filed a petition for a writ of mandamus to compel Commerce (in the person of Penny S. Pritzker, Secretary of the U.S. Department of Commerce) to refrain from proceeding with its intended individual investigation. Pl. Changzhou Hawd Flooring Co., Ltd. Pet. for Writ of Mandamus, ECF No. 71. As Commerce has agreed to suspend the deadlines for Changzhou Hawd's individual investigation, Letter re Changzhou Hawd's Questionnaire Deadline, ECF No. 82, and now seeks voluntary remand to reconsider whether it should conduct a full individual investigation of Changzhou Hawd at all, Mot. for Voluntary Remand, ECF No. 92, Changzhou Hawd's petition for writ of mandamus is DENIED AS MOOT.

10. *See* Comments of Certain Separate Rate Appellants to Second Remand Redetermination, ECF No. 69 ("Pls. Comments"); Comments of Def.-Intervenor Re Dep't of Commerce Final Results of Redetermination Pursuant to Remand, ECF No. 73; Comments of Fine Furniture (Shanghai) Ltd. on Dep't of Commerce May 30, 2014 Final Result of Redetermination Pursuant to Ct. Order, ECF No. 74 ("Fine Furniture Comments"); Comments in Opp'n to Dep't of Commerce May 29, 2014 Final Results of Redetermination Pursuant to Ct. Remand, ECF No. 75 ("Armstrong Comments"); Resp. of Lumber Liquidators Services, LLC in Opp'n to U.S. 2d Remand Redetermination, ECF No. 76; Reply to Comments of Def.-Intervenor Re Dep't of Commerce Final Results of Redetermination Pursuant to Remand, ECF No. 89; Reply Comments of Lumber Liquidators Services, LLC in Opp'n to the U.S. 2d Remand Redetermination, ECF No. 90; Reply Comments of Fine Furniture (Shanghai) Ltd. on Dep't of Commerce May 30, 2014 Final Result of Redetermination Pursuant to Ct. Order, ECF No. 91; Reply Comments of Def.-Intervenor Re

Commerce now requests a partial voluntary remand "to determine whether it should conduct a 'limited' investigation of the eight separate rate [P]laintiffs," rather than a full investigation of just one Plaintiff. Mot. for Voluntary Remand, ECF No. 92 at 1.

## DISCUSSION

 Commerce "may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA Inc. v. United States,* 254 F.3d 1022, 1029 (Fed.Cir.2001). While the court will deny a request that is "frivolous or in bad faith," if Commerce's concern is "substantial and legitimate, a remand is usually appropriate." *Id.* A concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate. *Baroque III,* —— CIT at ——, 925 F.Supp.2d at 1338–39.[11]

 Here, Commerce has a compelling justification in that it doubts the correctness of its decision not to calculate rates for seven separate rate respondents and to individually investigate an eighth. *See* Mot. for Voluntary Remand, ECF No. 92 at 2; *see SKF,* 254 F.3d at 1029 (when requesting remand, Commerce "might simply state that it had doubts about the correctness of its decision").[12] This doubt is not outweighed by the need for finality in the present context, i.e., "a routine appeal of a final determination." *See Baroque III,* —— CIT at ——, 925 F.Supp.2d at 1339 (finding that dumping margin accuracy outweighed finality in the context of a routine appeal).[13] Given Commerce's doubt, the scope of the remand, to determine whether limited individual investigations of the Plaintiffs is a viable alternative, is also appropriate.[14] Accordingly,

Dep't of Commerce Final Results of Redetermination Pursuant to Remand, ECF No. 93.

11. *See also Ad Hoc Shrimp Trade Action Comm. v. United States,* —— CIT ——, 882 F.Supp.2d 1377, 1381 (2013); *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States,* 29 CIT 1516, 1522–26, 412 F.Supp.2d 1330, 1336–39 (2005); *Timken Co. v. United States,* Slip Op. 14–51, 2014 WL 1760033 at *3 (CIT May 2, 2014).

12. *Cf. SeAH Steel Corp. v. United States,* —— CIT ——, 704 F.Supp.2d 1353, 1378–79 (2010) (granting a voluntary remand where "the record [was] currently inadequate to allow Commerce to apply its expertise")(internal citation and quotation marks omitted).

13. Plaintiffs and Plaintiff–Intervenors express legitimate concern about possible prejudicial delay. *See* Pls. Opp'n, ECF No. 102 at 7–8; Fine Furniture Opp'n, ECF No. 99 at 3; Armstrong Opp'n, ECF No. 100 at 4; Lumber Liquidators Opp'n, ECF No. 101 at 4. However, the delay here is that of a routine appeal. *Compare Shakeproof Assembly,* 29 CIT at 1523–24, 412 F.Supp.2d at 1337–38 (where a

voluntary remand in the course of a "routine appeal" of an antidumping determination did not "present any unusually serious finality concerns") *with Former Empls. of BMC Software, Inc. v. U.S. Sec'y of Labor,* 30 CIT 1315, 1354, 454 F.Supp.2d 1306, 1341 (2006) (where the Department of Labor waited for appeal and then sought voluntary remand "to belatedly conduct the thorough probe to which all petitioning workers are entitled by law at the administrative level") (emphasis omitted). Moreover, rather than grant the 90 days Commerce requests to submit its remand results, Mot. for Voluntary Remand, ECF No. 92 at 2, the court grants 60 days.

14. Plaintiffs and Plaintiff–Intervenors balk at the burden a limited investigation may impose on them. *See* Pls. Opp'n, ECF No. 102 at 3–4, 9; Fine Furniture Opp'n, ECF No. 99 at 6–7; Armstrong Opp'n, ECF No. 100 at 4; Lumber Liquidators Opp'n, ECF No. 101 at 3. This would be more persuasive if they had not been arguing for some sort of individualized review just prior to Commerce's motion for voluntary remand. *See* Pls. Comments, ECF No. 69 at 4, 18; Fine Furniture Comments, ECF No. 74 at 9–10; Armstrong Comments, ECF No. 75 at 5, 10.

Commerce's concern is substantial and legitimate, and remand is appropriate.[15]

## CONCLUSION

Because Defendant has shown that Commerce's concern is substantial and legitimate, its motion for voluntary remand is GRANTED. Remand results shall be filed by October 14, 2014. Comments may be filed by October 28, 2014. Replies may be filed by November 12, 2014.

IT IS SO ORDERED.

---

**15.** Plaintiffs and Plaintiff–Intervenors would have the court instruct Commerce that the only "reasonable method" to calculate the separate rate is to average the "dumping margins determined for the exporters and producers individually investigated," i.e., the mandatory respondents, resulting in a *de minimis* rate. 19 U.S.C. § 1673d(c)(5)(B); *see* Pls. Opp'n, ECF No. 102 at 2–3; Fine Furniture Opp'n, ECF No. 99 at 4; Armstrong Opp'n, ECF No. 100 at 1, 4–6; Lumber Liquidators Opp'n, ECF No. 101 at 1, 4. However, the court has already decided this matter in *Baroque*, —— CIT at ——, 971 F.Supp.2d at 1340–41 (finding that "it is not *per se* unreasonable for Commerce to use a simple average of *de minimis* and AFA rates to calculate the separate rate antidumping duty margin"). Plaintiffs and Plaintiff–Intervenors accuse Commerce of taking a results-oriented approach and of only seeking remand for another chance to rationalize an above *de minimis* separate rate. Fine Furniture Opp'n, ECF No. 99 at 5; Armstrong Opp'n, ECF No. 100 at 5; Lumber Liquidators Opp'n, ECF No. 101 at 3. But for Commerce "[t]he power to reconsider is inherent in the power to decide," *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed.Cir.2008) (citation omitted) and "[g]overnment officials are presumed to carry out their duties in good faith and proof to the contrary must be almost irrefragable to overcome that presumption," *Clemmons v. West*, 206 F.3d 1401, 1403–04 (Fed.Cir.2000) (citation omitted), such that voluntary remand presently remains appropriate.