Citation Nr: 1717644 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 17-05 237 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to an effective date earlier than August 11, 2014 for the grant of service connection for post-traumatic stress disorder (PTSD).


ATTORNEY FOR THE BOARD

N. Riley, Associate Counsel


INTRODUCTION

The Veteran served in the Philippine Guerilla and Combination Service from November 1945 to February 1946.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an August 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, Philippines, that granted service connection for Post-Traumatic Stress Disorder (PTSD). The August 2015 rating decision granted service connection for PTSD effective March 11, 2015. Following the Veteran's Notice of Disagreement (NOD) requesting an effective date of July 2014, an October 2016 Decision Review Officer decision was issued granting an effective date of August 11, 2014. A Statement of the Case (SOC) was issued in November 2016 continuing the August 11, 2014 effective date.

A December 2016 Board decision remanded to the Agency of Original Jurisdiction (AOJ), inter alia, a claim for an increased initial rating for bilateral hearing loss, also characterized as a claim for an earlier effective date for an increased rating for bilateral hearing loss. That issue was before a different Veterans Law Judge (VLJ), and the remand of that issue is still being processed by the AOJ at this time. As that the AOJ is still taking action on the issue (as confirmed by the VA's Veterans Appeals Control and Locator System (VACOLS)), the Board will not take jurisdiction over that matter and it shall not be addressed by the Board at this time.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. An October 2016 RO decision awarded service connection for PTSD effective August 11, 2014. 

2. The evidence reflects that a claim service connection claim for a mental health disability was not received prior to August 11, 2014.


CONCLUSION OF LAW

The criteria for entitlement to an effective date prior to August 11, 2014 for the award of service connection for PTSD have not been met. 38 U.S.C.A. §§ 5107, 5110 (West 2014); 38 C.F.R. §§ 3.102, 3.400, 3.816 (2016).
REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A, and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159, requires VA to assist a claimant at the time that he or she files a claim for benefits. As part of this assistance, VA is required to notify claimants of what they must do to substantiate their claims. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1).

Concerning the issue decided herein, VA's General Counsel has held that VCAA notice is not required for "downstream" questions. VAOPGCPREC 8-2003. Additionally, the Court has held that the statutory scheme contemplates that once a decision granting service connection, a disability rating, and an effective date has been made, § 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated. Dingess v. Nicholson, 19 Vet. App. 473, 490 (2006). Here, the Veteran was granted service connection for PTSD in August 2015, and he was assigned a disability rating and effective dates in that decision. As the issue currently before the Board stems from disagreement with a "downstream" question, no additional notice is required with respect to this issue because the purpose that the notice is intended to serve has been fulfilled with respect to the current claim. See Hartman v. Nicholson, 483 F.3d 1311, 1314-15 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112, 116-17 (2007).

VA fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate the claim. There is no evidence that additional records have yet to be requested, or that additional examinations are in order.

The Board will therefore proceed to the merits of the appeal.




Analysis

The Veteran contends that an earlier effective date for the award of service connection for PTSD is warranted.

38 U.S.C.A. § 5110(a) provides that, unless specifically provided otherwise, the effective date of an award of disability compensation is set in accordance with the facts found, but cannot "be earlier than the date of receipt of application therefor." 38 U.S.C.A. § 5110(a) (emphasis added). If the claim for compensation was received within one year of separation from service, the effective date is the day following separation from service; otherwise it is generally the date of receipt of claim. See 38 U.S.C.A. § 5110(b)(1); see also 38 C.F.R. § 3.400(b)(2)(i) (the effective date for a claim for disability compensation is the date of receipt of claim or the date entitlement arose, whichever is later, unless filed within a year of separation).

A specific claim in the form prescribed by the Secretary of VA must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 U.S.C.A. § 5101(a). In pertinent part, prior to March 24, 2015, any communication or action indicating an intent to apply for one or more VA benefits could be considered an informal claim. Under 38 C.F.R. § 3.155(a), the veteran or a representative of the veteran could file an informal claim by communicating an intent to apply for one or more VA benefits. Upon receipt of an informal claim, if a formal claim had not been filed, an application form would be forwarded to the claimant for execution. If received within one year from the date it was sent to the claimant, it would be considered filed as of the date of receipt of the informal claim. 

An "application" is used synonymously with "claim" and defined as a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); see also Rodriguez v. West, 189 F.3d. 1351 (Fed. Cir. 1999).

Although a claimant need not identify the benefit sought "with specificity," see Servello v. Derwinski, 3 Vet. App. 196, 199-200 (1992), some intent on the part of the veteran to seek benefits must be demonstrated. See Brannon v. West, 12 Vet. App. 32, 34-35 (1998); see also Talbert v. Brown, 7 Vet. App. 352, 356-57 (1995) (noting that while VA must interpret a claimant's submissions broadly, VA is not required to conjure up issues not raised by the claimant). The United States Court of Appeals for the Federal Circuit has emphasized that VA has a duty to fully and sympathetically develop a veteran's claim to its optimum. Hodge v. West, 155 F.3d 1356, 1362 (Fed. Cir. 1998). This duty requires VA to "determine all potential claims raised by the evidence, applying all relevant laws and regulations," Roberson v. West, 251 F.3d 1378, 1384 (Fed. Cir. 2001), and extends to giving a sympathetic reading to all pro se pleadings of record. Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed. Cir. 2004).

Generally, under VA law, there is a presumption of administrative regularity, based upon which it is presumed that Government officials have properly discharged their official duties, which may only be overcome by clear evidence to the contrary. See United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926); Davis v. Principi, 17 Vet. App. 29, 37 (2003); Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994), citing Ashley v. Derwinski, 2 Vet. App. 62, 64-54 (1992) (recognizing that it is presumed that government officials "have properly discharged their official duties"). This presumption of regularity in the administrative process may be rebutted by "clear evidence to the contrary." Schoolman v. West, 12 Vet. App. 307, 310 (1999); Clemmons v. West, 206 F.3d 1401, 1403 (Fed. Cir. 2000) ("Government officials are presumed to carry out their duties in good faith and proof to the contrary must be almost irrefutable to overcome that presumption"); Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001) (holding that "[t]he [presumption of regularity] doctrine thus allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary"). 

In this case, the AOJ received a statement in support of claim submitting additional evidence for a separate claim on August 11, 2014. This date is indicated by the time and date stamp affixed to a scanned copy of the document reviewed in Veterans Benefits Management System (VMBS). The statement discussed ongoing mental health issues the Veteran has been experiencing related to his service. The Board notes the Veteran's signature is dated July 28, 2014. As discussed previously, the AOJ considered this statement as an informal claim for service connection for PTSD and service connection was granted effective the date the statement was received.

In the Veteran's NOD, he appears to argue that he is entitled to effective date of July 2014 for service connection for his PTSD because that is the date he filed his claim. While the Veteran apparently prepared and signed the document on July 28, 2014, there is no evidence the VA received the statement in July 2014. Significantly, 38 U.S.C.A. § 5110(a) and 3.400(b)(2)(i), as quoted above, provide for assignment of the effective date based on the receipt of the date of claim, not its preparation or signing. There are no other documents the Veteran has identified as being received by the VA in July 2014. Furthermore, the Veteran has not alleged or given any evidence to overcome the presumption of regularity in the administrative process that the statement he submitted was received by the VA on August 11, 2014. 

The Veteran has not identified any other documents or statements that may be considered an informal claim prior to the document received on August 11, 2014. Nonetheless, the Board has reviewed the Veteran's entire record and found no other statements or records received that may be considered an informal claim prior to the one received in August 2014. No documents allege any mental health issues prior to the previously discussed statement. 

For the foregoing reasons, the preponderance of the evidence is against the claim for an earlier effective date for service connection for PTSD. The benefit of the doubt doctrine is therefore not for application and the claim must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

ORDER

An effective date prior to August 11, 2014 for the award of service connection for PTSD is denied.



____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs