﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 190425-17999
DATE: November 30, 2020

ORDER

An initial compensable evaluation for a scar of the dorsum of the right hand is denied.

An initial evaluation greater than 30 percent for a scar of the left upper lip area with dysesthesia is denied.

REMANDED

Service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and a generalized anxiety disorder, to include as secondary to a service-connected scar of the left upper lip with dysesthesia, is remanded.

FINDINGS OF FACT

1. The Veteran’s scar on the dorsum of his right hand is superficial, measures 4 x 0.5 centimeters, is not painful or unstable, and does not cause any functional limitations. 

2. The Veteran’s scar of the left upper lip area with dysesthesia is not productive of visible or palpable tissue loss, gross distortion or asymmetry of features, or four or five characteristics of disfigurement.

CONCLUSIONS OF LAW

1. The criteria for an initial compensable evaluation for a scar of the dorsum of the right hand have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.118, Diagnostic Code (DC) 7802.

2. The criteria for a rating greater than 30 percent for a scar of the left upper lip area with dysesthesia have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.118, DC 7800.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 2000 to June 2007.

The Veteran chose the hearing lane in his April 2019 Decision Review Request, VA Form 10182 Notice of Disagreement (NOD).

In March 2020, the Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ). A transcript is of record.

In Clemons v. West, 206 F.3d 1401, 1403 (Fed. Cir. 2000), the United States Court of Appeals for the Federal Circuit clarified how the Board should analyze claims for PTSD and other acquired psychiatric disorders. As emphasized in Clemons, though a veteran may only seek service connection for PTSD, the veteran’s claim “cannot be limited only to that diagnosis but must rather be considered a claim for any mental disability that may be reasonably encompassed.” Id. Therefore, the Board will address whether service connection is warranted for an acquired psychiatric disorder, however diagnosed. The issue has been recharacterized accordingly as noted on the title page.

Increased Ratings

VA has adopted a Schedule for Rating Disabilities to evaluate service-connected disabilities. 38 U.S.C. § 1155; see generally, 38 C.F.R. § Part IV. The basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. The percentage ratings in the Schedule for Rating Disabilities represent, as far as practicably can be determined, the average impairment in earning capacity resulting from service-connected disabilities in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1.

DCs in the rating schedule identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. 38 C.F.R. § 4.7. Otherwise, the lower rating will be assigned. Id. All reasonable doubt regarding the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

Because the level of disability may have varied over the course of the claim, the rating may be “staged” higher or lower for segments of time during the period under review in accordance with such variations. Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007); Fenderson v. West, 12 Vet. App. 119, 126 (1999).

The claimant bears the burden of presenting and supporting their claim for benefits. 38 U.S.C. § 5107 (a). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Board gives the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990) (when the evidence supports the claim or is in relative equipoise, the claim will be granted). In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge).

 

1. An initial compensable evaluation for a scar of the dorsum of the right hand is denied.

Disability ratings for scars can be found in the Schedular Rating for the skin, under 38C.F.R. § 4.118. The Veteran has been assigned a zero percent, noncompensable rating for his scar of the dorsum of the right hand under DC 7802. Under DC 7802, a 10 percent rating is assigned for scars not of the head, face, or neck that are superficial and involve an area of 144 square inches (929 square centimeters) or greater. A superficial scar is one not associated with underlying soft tissue damage. 38 C.F.R. § 4.118, DC 7802. 

The Veteran was afforded a VA examination in February 2019. The scar at the dorsum of his right hand near the base of his thumb measured 4 x 0.5 centimeters. The examiner noted that the scar was not painful or unstable and was without underlying tissue damage. At his hearing before the Board in March 2020, when asked if his right hand scar was symptomatic, the Veteran replied, “No, just a nasty scar.”

After a review of the evidence of record, the Board concludes an initial compensable disability rating under DC 7802 is not warranted for the Veteran’s scar of the dorsum of his right hand. Because the scar measures 4 x 0.5 centimeters, it does not cover an area or areas of 144 square inches (929 sq. cm) or greater. Thus, an initial compensable disability rating is not warranted under DC 7802. Furthermore, DC 7801 is inapplicable because the examiner found the scar was not deep, or without underlying tissue damage. See 38 C.F.R. § 4.118, DC 7801, Note (1). DC 7800 is also inapplicable because the Veteran’s scar of the dorsum of his right hand does not affect his head, face, or neck. 

DC 7804 provides a 10 percent rating for one or two scars that are unstable or painful; a 20 percent rating for three or four scars that are unstable or painful; and the maximum allowable 30 percent rating for five or more scars that are unstable or painful. 38 C.F.R. § 4.118, DC 7804. Under DC 7804, Note (1) provides that an unstable scar is one where, for any reason, there is frequent loss of covering of skin over the scar; Note (2) provides that if one or more scars are both unstable and painful, 10 percent will be added to the evaluation that is based on the total number of unstable or painful scars; and Note (3) provides that scars evaluated under DCs 7800, 7801, 7802, or 7805 may also receive an additional rating under DC 7804 when applicable. 38 C.F.R. § 4.118, DC 7804.

As noted above, the February 2019 VA examiner noted that the Veteran’s right hand scar was not painful or unstable, and the Veteran testified in March 2020 that his right hand scar was not symptomatic. Thus, an increased, compensable rating is not warranted under DC 7804.

In sum, the Veteran’s scar on the dorsum of his right hand is superficial, measures 4 x 0.5 centimeters, is not painful or unstable, and does not cause any functional limitations. Accordingly, the criteria for an increased, compensable rating are not met. See 38 C.F.R. § 4.118, Diagnostic Codes 7802, 7804, 7805.

2. An initial evaluation greater than 30 percent for a scar of the left upper lip area with dysesthesia is denied.

The Veteran’s scar of the left upper lip area is rated under DC 7800 (for disfigurement of the head, face, or neck). 38 C.F.R. § 4.118. Under this diagnostic code, a 30 percent rating is warranted for visible or palpable tissue loss and either gross distortion or asymmetry of one feature or paired set of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with two or three characteristics of disfigurement. A 50 percent rating is warranted for visible or palpable tissue loss and either gross distortion or asymmetry of two features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with four or five characteristics of disfigurement. An 80 percent rating is warranted for visible or palpable tissue loss and either gross distortion or asymmetry of three or more features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with six or more characteristics of disfigurement.

Note (1) following DC 7800 identifies 8 characteristics of disfigurement, for the purposes of evaluation under § 4.118: (1) scar 5 or more inches (13 or more cm.) in length; (2) scar at least one-quarter inch (0.6 cm.) wide at widest part; (3) surface contour of scar elevated or depressed on palpation; (4) scar adherent to underlying tissue; (5) skin hypo-or hyper-pigmented in an area exceeding six square inches (39 sq. cm.); (6) skin texture abnormal (irregular, atrophic, shiny, scaly, etc.) in an area exceeding six square inches (39 sq. cm.); (7) underlying soft tissue missing in an area exceeding six square inches (39 sq. cm.); and (8) skin indurated and inflexible in an area exceeding six square inches (39 sq. cm.).

On examination in February 2019, the Veteran’s left upper lip scars were found not to be painful or unstable. The first scar, due to a traumatic laceration, was described as being located on the Veteran’s left upper lip and shaped like an inverted “V.” It measured 1 centimeter (horizontal) x 2.5 centimeters (vertical) from just below the nares opening down to the vermillion border on the left side. The second scar ran parallel to the vertical scar and measured 1 centimeter by.2 centimeter. The first scar was elevated on palpation and the second was depressed on palpation. The first scar had abnormal pigmentation (hypopigmentation) and the second had abnormal texture (thickened). Gross distortion or assymetry of facial features or visible or palpable tissue loss was not found. There was no limitation of function. The examiner noted mild loss of pinprick and light touch sensations in the medial fold of the inverted “V” shaped scar; very mild dysesthesia.

For a 50 percent rating to be warranted, there must be visible or palpable tissue loss and either gross distortion or asymmetry of two features or paired sets of features (nose, chin, forehead, eyes (including eyelids), ears (auricles), cheeks, lips), or; with four or five characteristics of disfigurement.

The February 2019 VA examiner did not find visible or palpable tissue loss and either gross distortion or asymmetry of two features or paired sets of features. Furthermore, the Veteran has not been shown to have four or five characteristics of disfigurement. His scar is not 5 or more inches (13 or more cm.) in length and it is not manifested by hypo-or hyper-pigmentation, abnormal skin texture (irregular, atrophic, shiny, scaly, etc.), missing underlying soft tissue, or indurated and inflexible skin in an area exceeding six square inches (39 sq. cm.). His scar is not 13 or more centimeters and does not cover an area exceeding 39 square centimeters. As a result, the first, fifth, sixth, seventh, and eighth characteristics of disfigurement do not apply, which leaves just three remaining characteristics of disfigurement. For a 50 percent rating to be warranted, there must be four or five characteristics of disfigurement. Accordingly, an increased, 50 percent rating is not warranted under DC 7800.

Because the Veteran’s left upper lip scars were found not to be painful or unstable, a separate, compensable rating is not warranted under DC 7804. The Board has also considered whether a separate rating is warranted for dysesthesia. The February 2019 VA examiner noted mild loss of pinprick and light touch sensations in the medial fold of the inverted “V” shaped scar. The examiner described the dysesthesia as very mild and found that there was no limitation of function. These findings do not approximate moderate incomplete paralysis so as to warrant the assignment of a 10 percent rating for impairment of the cranial nerve(s). See §§ 4.7, 4.124a, DCs 8205-8212.

Since it is not found that the Veteran’s left upper lip scar(s) is manifested by visible or palpable tissue loss, gross distortion or asymmetry of features, or four or five characteristics of disfigurement, an increased, 50 percent rating is not warranted under DC 7800.

REASONS FOR REMAND

Service connection for an acquired psychiatric disorder, to include PTSD and a generalized anxiety disorder, to include as secondary to a service-connected scar of the left upper lip with dysesthesia, is remanded.

The Veteran’s VA treatment records show that he was diagnosed as having a generalized anxiety disorder in December 2011. At that time, he reported that during service he saved a Japanese girl from being raped in Japan and sustained a cut on his upper lip. His service medical records show treatment for a facial or lip laceration in July 2006 after he was hit in the face with 7 or 8 bottles while at a bar. Further, his service personnel records contain a subsequent April 2007 performance report documenting that he protected an Okinawan woman from an assault. 

In addition, the Veteran is service-connected for a scar of the left upper lip area with dysesthesia. His VA treatment records show that he reported feeling low morale and poor self-esteem due to the scar. During his February 2019 VA scar examination, he stated that he was concerned with the appearance of the scar and felt that it was disfiguring; he felt insecure about it. He stated that the scar caused him embarrassment and anxiety when others stared at it. 

The Veteran has not been afforded a VA examination to determine whether his generalized anxiety disorder is related to the in-service incident when he was hit in the face with 7 or 8 bottles or whether it was caused or aggravated by his service-connected for a scar of the left upper lip area with dysesthesia. To cure this pre-decisional duty to assist error, the Veteran should be scheduled for an appropriate examination on remand.

The matters are REMANDED for the following action:

Schedule the Veteran for a Mental Disorders examination.

The Veteran’s claims file, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must reflect that such a review was undertaken. The examination should include any necessary diagnostic testing or evaluation.

(a.) The examiner should identify all current psychiatric disorders found to be present, i.e., PTSD, generalized anxiety disorder, etc.

(b.) As to each diagnosed psychiatric disorder, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that it had its clinical onset during active service or is related to any incident of service, to include being hit in the face with bottles at a bar while protecting woman from an assault.

(c.) As to each diagnosed psychiatric disorder, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that it was caused by the Veteran’s scar of the left upper lip area with dysesthesia.

(d.) As to each diagnosed psychiatric disorder, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that it was aggravated (i.e., worsened) by the Veteran’s scar of the left upper lip area with dysesthesia.

(Continued on the next page)

 

• In responding to (c) and (d), the examiner is asked to consider and address the Veteran’s VA treatment records showing that he reported feeling low morale and poor self-esteem due to his facial scar, as well as the February 2019 VA scar examination report wherein the Veteran stated that he was concerned with the appearance of the scar and felt that it was disfiguring; he felt insecure about it. He stated that the scar caused him embarrassment and anxiety when others stared at it. 

The examiner must provide a comprehensive report that includes a complete rationale for all opinions and conclusions reached.

 

 

P. M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Buck Denton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.