Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 201006-114423
DATE: July 14, 2021

REMANDED

Entitlement to service connection for a bilateral foot condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Army from November 1976 to October 1999.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2020 AMA rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In April 2020, the Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ); a transcript is of record. Under AMA, the Veteran can submit additional evidence within 90 days of the Board hearing. At the hearing, the Veteran waived the 90-day evidence window.

As the Veteran selected the hearing docket and waived the 90-day evidence window, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal.

Evidence was added to the claims file in April 2020, December 2020, and February 2021, a period of time when new evidence was not allowed. As the Board is remanding the claim on appeal for further development, this additional evidence will be considered by the RO in the adjudication of those claims.

The Veteran's claim for service connection for bilateral flatfoot has been recharacterized as a claim for a bilateral foot condition. See Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009); Clemmons v. West, 206 F.3d 1401 (Fed. Cir. 2000).

Entitlement to service connection for a bilateral foot condition

The Veteran contends that his bilateral foot condition is related to his active military service. The Board finds that a remand is warranted in order to correct a pre-decisional duty to assist error.

In March 2020, the Veteran submitted a private treatment record that notes diagnoses of plantar fascial fibromatosis, calcaneal spur, and osteophyte. The treatment record also shows that the Veteran reported that he has experienced pain on the bottom of his feet that began while in service. In light of the foregoing, the Board finds that the low threshold of McLendon was met prior to issuance of the April 2020 rating decision. McLendon v. Nicholson, 20 Vet. App. 79, 81-83 (2006). As such, the Board finds that a VA examination should have been provided, and a remand is necessary to correct this pre-decisional duty to assist error.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of his bilateral foot condition. The examiner must review the claims file and a copy of this Remand.

The examiner must opine whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's bilateral foot condition had its onset in, or is otherwise related to, active service, to include running and doing physical training in boots in service.

A complete rationale must be provided for all opinions expressed. The rationale must consider and discuss the pertinent evidence of record, to include the Veteran's lay statements.

 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E. Mortimer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.